UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| MELISSA F., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:24-CV-556-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Plaintiff filed their application on November 10, 2020, and it was denied by the SSA. AR 17. Plaintiff appealed and the ALJ held a hearing on July 25, 2023. AR 37-72.

The ALJ found plaintiff had a severe impairment of degenerative disc disease of the cervical spine. AR 19. The ALJ determined the alleged onset date was the date of the application -- November 10, 2020. AR 28.

As to the RFC, the ALJ found plaintiff had the residual functional capacity to "perform light work. . . except [plaintiff] can never have exposure to hazards such as

1

1  unprotected heights, heavy machinery, or commercial driving; can never climb ladders,
2  ropes, or scaffolds; can only occasionally crawl; and can only occasionally push and
3  pull." AR 21. The ALJ found plaintiff did not have past relevant work, and that she would
4  be capable of performing jobs such as Marker, Router, and Order caller. AR 27-28.

DISCUSSION

6      Plaintiff raises one issue:
7      Whether the ALJ erred by finding the opinions of ARNP Kraft unpersuasive.
8      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
9  denial of Social Security benefits only if the ALJ's findings are based on legal error or
10 not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874
11 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted).
12     Substantial evidence is "'such relevant evidence as a reasonable mind might
13 accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154
14 (2019) (internal citations omitted). The Court must consider the administrative record as
15 a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must
16 weigh both the evidence that supports and evidence that does not support the ALJ's
17 conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon
18 which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are
19 considered in the scope of the Court's review. *Id.*
20     Under the 2017 regulations, the Commissioner "will not defer or give any specific
21 evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's]
22 medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless
23 explain with specificity how he or she considered the factors of supportability and

consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Court found in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022) that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 6792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

Plaintiff argues the ALJ did not have substantial evidence to discount the opinions of ARNP (Advanced Registered Nurse Practitioner) Kelli Kraft, because the reasons given by the ALJ do not have support in the record. The defendant asserts the ALJ was not required to assess each portion of ARNP Kraft's opinion, under 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Cervical Spine Medical Source Statement signed by ARNP Kraft on August 21, 2023, states that the symptoms and functional limitations experienced by plaintiff existed as of November 10, 2020. AR 543. ARNP Kraft opined that plaintiff would be off task for approximately 20% of a typical workday due to interference with attention and

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

concentration that would be needed to perform even simple work tests. AR 543. Also, ARNP Kraft opined that plaintiff would be required to take unscheduled breaks during the workday, every 20-30 minutes, and on average each break would require plaintiff to rest for about five minutes before returning to work. AR 541.

Plaintiff had weakness, paresthesia, in bilateral upper arms, left leg numbness greater than right leg numbness, according to ARNP Kraft. AR 539. ARNP Kraft stated that plaintiff also experienced tenderness, crepitus, muscle spasm, muscle weakness, chronic fatigue, sensory loss, impaired sleep, lack of coordination, reflex loss in upper extremities, she dropped things, and experienced reduced grip strength. *Id.*

According to ARNP Kraft, plaintiff had symptoms including nausea or vomiting, malaise, photosensitivity, inability to concentrate, exhaustion, and mood changes, due to severe headache pain associated with impairment of the cervical spine. AR 540. Plaintiff's pain was rated from 5-6/10 to 10/10. *Id.* Medication side effects were nausea and drowsiness. *Id*. ARNP Kraft also opined that plaintiff would be absent from work for more than four days each month. AR 543.

The ALJ discounted this medical opinion (AR 24-26) for these reasons:

- ARNP Kraft's opinions about plaintiff's symptoms and limitations due to pain, including absences from work, and being off task, are inconsistent with progress notes, physical therapy reports, or other medical evidence;
- ARNP Kraft's opinions about off-task behavior are inconsistent with plaintiff's having been alert during a consultative examination, spending her days helping a friend, and other activities of daily living;

- Plaintiff had limited treatment for headaches and did not complain of a headache during her consultative examination.

The medical record shows that plaintiff experienced pain in her cervical spine, along with radiating pain to her shoulder. AR 450-451 (notes of Dr. Yuri Tsirulnikov, DO, dated 1-27-2020). She was diagnosed with cervical disc disorder at C5-C6 level with radiculopathy. AR 450. She was given epidural steroid by injection after less invasive treatments proved unsuccessful. AR 450-451.

In a Washington State DSHS assessment of July 15, 2020, plaintiff was found to have marked limitations in postural restrictions, and gross or fine motor skill restrictions. AR 479. The assessment showed that her highest level of work would be sedentary. AR 479.

On September 14, 2021, consulting physician Dr. Dan V. Phan, M.D. prepared a report concerning plaintiff's condition. AR 487-489. Dr. Phan examined plaintiff and determined plaintiff could, in a typical 8-hour workday, stand and walk up to six hours cumulatively, sit up to six hours cumulatively, but she should avoid jobs that involve frequent twisting and turn of the neck, and she could lift and carry 50-60 pounds occasionally and 30-40 pounds frequently. AR 489. Dr. Phan also found plaintiff should avoid work that requires heavy pushing, pulling, and reaching, due to manipulative limitations. AR 489.

Dr. Lewis Weaver, M.D., reviewed plaintiff's medical records and reported on September 23, 2021, that plaintiff would be capable of medium work. AR 77-78.

Dr. Dorothy Leong, M.D., reviewed plaintiff's medical records and reported on March 29, 2022, hour that plaintiff would have exertional limitations: occasionally lifting

and carrying up to 20 pounds; frequently lifting or carrying up to 10 pounds; being able to stand or walk with normal breaks for a total of 6 hours in an 8-hour workday, and sit with normal breaks for a total of 6 hours in an 8-hour workday. AR 89-91.

Notes from ARNP Kraft indicate that on February 20, 2023, plaintiff was examined during a follow-up appointment and showed symptoms of arthralgias, light-headedness, and headaches. AR 515. Plaintiff was unsure how much of the headache symptoms were due to her neck condition, and whether a sinus infection also contributed to the headaches. AR 514. The appointment was apparently a response to complaints about sinus problems. AR 514-520.

The Ninth Circuit has confirmed "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). The ALJ is not required to take every opinion of medical professionals at "face value". *Ford v. Kijakazi,* 32 F.4th 785, 789 (9th Cir. 2022). There is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Here, the ALJ reviewed the evidence and discussed each of the medical evaluations and opinions concerning plaintiff's physical symptoms and limitations. AR 20, 23-26. The ALJ reasonably determined that ARNP Kraft's opinions were not supported because they were not backed up by the notes that ARNP Kraft took during

examinations of plaintiff, and were inconsistent with other medical evidence. AR 25-26. The ALJ included limitations in the RFC consistent with the medical evidence, other than the medical evidence the ALJ found to be unpersuasive. AR 21. The ALJ's reasons for discounting the opinions of ARNP Kraft, particularly that the opinions of ARNP Kraft conflicted with other medical evidence, is supported by substantial evidence.

Because the ALJ cited at least one legally valid reason, supported by substantial evidence, for finding ARNP Kraft's opinions to be unpersuasive, the Court is not required to review the other reasons. An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006); *see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

## CONCLUSION

The ALJ's decision is affirmed.

Dated this 27th day of February, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

7